UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

MARIA CHANDLER,

    Plaintiff,

-VS-                                        CASE NO.:

SLM CORPORATION d/b/a SALLIE MAE BANK,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, Maria Chandler, by and through the undersigned counsel, and sues Defendant, SLM Corporation d/b/a Sallie Mae Bank, (hereinafter "Sallie Mae"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**INTRODUCTION**

1.     The TCPA was enacted to prevent companies like Sallie Mae from invading American citizen's privacy and to prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings

1

presumably intended to give telephone subscribers another option: "telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Calhoun County, Alabama. Accordingly, venue is appropriate with this Court under 28 U.S.C.

§1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Alabama, residing in Calhoun County, Alabama.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, Sallie Mae, is a corporation which was formed in Delaware with its principal place of business located at 300 Continental Drive, Newark, Delaware 19713, and which conducts business in the State of Alabama through its registered agent, CT Corporation System located at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

11. Sallie Mae called Plaintiff approximately five hundred (500) times in an attempt to collect on a student loan.

12. Upon information and belief, some or all of the calls Sallie Mae made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that she knew it was an

auto-dialer because of the vast number of calls she received and because she heard a pause and/or a recording when she answered her phone before a voice came on the line.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (256) ***-3601 and was the called party and recipient of Defendant's calls.

14. Sallie Mae placed an exorbitant number of automated calls to Plaintiff's cellular telephone (256) ***-3601 in an attempt to collect on a student loan.

15. On several occasions over the last four (4) years, Plaintiff instructed Sallie Mae's agent(s) to stop calling her cellular telephone.

16. During at least one conversation between Plaintiff and Sallie Mae in or around 2013, the Defendant reminded the Plaintiff about her payment date, to which the Plaintiff responded that she already made a payment and asked them to stop calling and harassing her.

17. During at least one conversation between Plaintiff and Sallie Mae in or around March of 2017, the Defendant inquired about her payment to which the Plaintiff responded that she was aware of the due date and asked them to please stop calling, however the calls continued unabated.

18. Sallie Mae has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

19. Sallie Mae has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular

telephone in this case, with no way for the consumer, or Sallie Mae, to remove the cellular telephone number.

20. Sallie Mae's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Sallie Mae they do not wish to be called.

21. Sallie Mae has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

22. Sallie Mae has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

23. Sallie Mae has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

24. Sallie Mae's corporate policy provided no means for Plaintiff to have Plaintiff's cellular telephone number removed from Sallie Mae's call list.

25. Sallie Mae has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

26. Not one of Sallie Mae's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

27. Sallie Mae willfully and/or knowingly violated the TCPA with respect to Plaintiff.

28. From each and every call placed without express consent by Sallie Mae to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

29. From each and every call without express consent placed by Sallie Mae to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular telephone by unwelcome calls, making the cellular telephone unavailable for legitimate callers or outgoing calls while the cellular telephone was ringing from a Sallie Mae call.

30. From each and every call placed without express consent by Sallie Mae to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

31. Each and every call placed without express consent by Sallie Mae to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflected the

unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

32. Each and every call placed without express consent by Sallie Mae to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

33. Each and every call placed without express consent by Sallie Mae to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's cellular telephone or network.

34. Each and every call placed without express consent by Sallie Mae to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

35. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

## COUNT I
**(Violation of the TCPA)**

36. Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37. Sallie Mae willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Sallie Mae that Plaintiff wished for the calls to stop

38. Sallie Mae repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial

voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Sallie Mae statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

    Respectfully submitted,

*/s/ Theodore A. Gulas*
ASB-0576-S82T
Morgan & Morgan, P.A.
2031 Second Avenue North
Birmingham, AL 35203
Tel: (205) 517-6900
Fax: (205) 517-6901
igulas@forthepeople.com
*Counsel for Plaintiff*